UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS N. KOLOS, Executor : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Defendant. : <br> : <br> : | **Civil Action No. 06-4563 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion for summary judgment filed by Defendant United States of America ("Defendant" or the "Government") [docket item no. 32]. Plaintiff Chris N. Kolos ("Plaintiff") has opposed the motion. The Court has opted to adjudicate the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. It has considered the parties' written submissions; and for the reasons discussed below, grants Defendant's motion for summary judgment.

I.     BACKGROUND

    This Federal Tort Claims Act case arises out of a slip-and-fall accident involving Plaintiff's now-deceased mother, Irene Kolos ("Ms. Kolos"). On March 23, 2006, Ms. Kolos, who was then 79 years old, fell in a United States Post Office at 1 Morris Street in Morristown, New Jersey (the "Post Office"). Her daughter, Anna Zavros, drove Ms. Kolos to the Post Office

but did not accompany her inside.  At approximately 1:39 that afternoon, Ms. Kolos, who entered the Post Office by herself, caught her foot on a rug located at the entryway, tripped and fell, sustaining injuries.  Some time after that, an unidentified individual came out to the car where Ms. Zavros sat waiting for her mother and informed her that Ms. Kolos had fallen.  Ms. Zavros entered the Post Office to find her injured mother sitting on the floor  According to Ms. Zavros, her mother told her that after the fall, she turned and saw that the rug was curled under.  A police officer arrived on the scene after the fall and filled out an accident report.  An investigator from the Postal Service also completed an incident report.  No witness to the fall, other than Ms. Kolos herself, has been identified, either by the Plaintiff or the available incident records.

     According to affidavits submitted by the Government in support of its motion for summary judgment, clerks employed at the Post Office and a contract custodian check the Post Office lobby every morning, prior to opening for business.  The affidavits also state that once the clerks take their place behind the service window, the entrance area (and the rug) are not visible. Accident reports for all slips, trips and falls at the Post Office prior to the subject incident do not involve the entrance rug.

     Ms. Kolos initiated the instant lawsuit on September 25, 2006.  The Complaint seeks recovery under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, against the Government for the alleged negligence of the Postal Service and its employees in maintaining the Post Office in a dangerous condition.  Months after the lawsuit was filed, Ms. Kolos died of cancer.  Shortly after, Chris Kolos, her son and the executor of her estate, substituted in as Plaintiff.  Ms. Kolos was not deposed in this matter.

**II.    DISCUSSION**

The standard upon which a court must evaluate a summary judgment motion is well-established.  Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 247-48.  The Supreme Court has held that and Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for

item, each piece of evidence proffered by the movant," but "must exceed the 'mere scintilla' threshold").

In this case, construing all facts in the light most favorable to Plaintiff, the Court concludes that Defendant has demonstrated that it is entitled to judgment on Plaintiff's negligence claim. Plaintiff claims that his mother's fall and resulting injuries were caused by the negligence of Post Office employees in permitting the rug over which Ms. Kolos allegedly tripped to be in a dangerous condition. Plaintiff avers that the rug, located at the entryway to the post office, was folder over and raised, and thus created a trip hazard. Based on the record before the Court, Plaintiff cannot establish that the Postal Service or any of its employees breached a duty of care owed to Plaintiff, an essential element of a negligence claim under New Jersey substantive law.

Because this action concerns the alleged tortious acts and/or omissions of federal employees, the FTCA, provides the exclusive remedy for the wrongdoing claimed here. 28 U.S.C. §§ 1346(b) and 2679(b)(1). Under the FTCA, Plaintiff may recover from the Government to the extent that recovery would be permitted under the substantive law of the state where the conduct complained of occurred. 28 U.S.C. §§ 1346(b), 2672 and 2674; Ciccarone v. United States, 486 F.2d 253, 257 (3d Cir. 1973). Thus, the Court evaluates the merits of Plaintiff's claim under the principles of New Jersey negligence law concerning premises liability.

To prevail on a claim for negligence under New Jersey law, Plaintiff must establish the basic elements of the existence of a duty owed by defendant to plaintiff, breach of the duty, and proximate cause of harm by the breach. Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 745 (3d Cir. 1990) (citing Brown v. Racquet Club of Bricktown, 95 N.J. 280 (1984)). The

Government does not dispute that the Postal Service, as owner of the property where the accident occurred, owed Plaintiff, a business invitee, a duty to use reasonable care to protect against known or reasonably discoverable dangers. "The proprietor of a business 'owes a duty of reasonable care to those who enter the premises upon [an] invitation [for business purposes] to provide a reasonably safe place to do that which is within the scope of the invitation.'" Id. (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 275 (1982)). The Government argues that Plaintiff nevertheless cannot prevail on her claim because, among other things, she cannot prove that the Postal Service breached that duty. Specifically, the Government points to the lack of evidence that the Post Office employees had actual or constructive notice of the alleged condition of the rug.

The Government is correct. To demonstrate that the Postal Service breached its duty of care to Plaintiff, Plaintiff must prove that the Post Office employees had actual or constructive notice of the alleged dangerous condition. Nisivoccia v. Glass Gardens, Inc.,175 N.J. 559, 563 (2003). The record before the Court is devoid of any evidence that the employees of the Post Office knew that the rug over which Ms. Kolos tripped as she entered the Post Office was raised (whether folder over, as stated in Plaintiff's interrogatory responses, or curled under, as Ms. Zavros testified that her mother told her she observed after the fall) or was otherwise in some dangerous condition. The record also lacks evidence that, in the exercise of reasonable case, the Post Office employees should have discovered the alleged hazard and/or that based on a pattern of past incidents, they should know that the existence of the hazard was probable. Id. at 563-64; Bozza v. Vornado, 42 N.J. 355, 359-60 (1964).

In response to the Government's motion for summary judgment, Plaintiff points to

hearsay evidence that Plaintiff maintains would permit a reasonable jury to determine that a dangerous condition in fact existed at the time of the accident and that the condition caused Ms. Kolos to fall.  Even assuming the admissibility of the hearsay evidence, Plaintiff fails to carry his burden of proof as a matter of law.  He does not point to any evidence that could establish that the Post Office employees had actual or constructive *notice* of the alleged dangerous condition.  Without this evidence, Plaintiff cannot prove breach and therefore cannot prevail on his negligence claim as a matter of law.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion for summary judgment.  An appropriate form of Order will be filed herewith.

```
                                              s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                              United States District Judge
```

DATED: April 13, 2009